## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARIA NELY AGUIRRE-AMAYA   *
8757 Georgia Avenue, Suite 400   *
Silver Spring, MD 20910   *
  *
   Plaintiff,   *
  *
  v.   *   Case No.: 8:21-cv-2143
  *
MEDPACIFIC FLAVORS, INC. t/a PAPI'S   *
PERUVIAN CHICKEN AND GRILL   *
26400 Ridge Road   *
Damascus, MD 20872   *
*Serve:* Nicolas Reyes, Resident Agent   *
26400 Ridge Road   *
Damascus, Maryland 20872   *
  *
MICHAEL P. HARRISON   *
2921 Birchtree Lane   *
Silver Spring, Maryland 20906   *
  *
and   *
  *
NICOLAS REYES   *
26400 Ridge Road   *
Damascus, Maryland 20872   *
  *
   Defendants.   *
*************************************************************************

## COMPLAINT

Plaintiff Maria Nely Aguirre-Amaya ("Plaintiff"), by and through her undersigned counsel, hereby files suit against Medpacific Flavors, Inc. t/a Papi's Peruvian Chicken and Grill ("Medpacific"), Michael P. Harrison ("Harrison") and Nicolas Reyes ("Reyes"), (collectively "Defendants"), to recover damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, ("MWHL"); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL, as fully set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of Montgomery County, Maryland.

2.      Medpacific is a corporation formed under the laws of the State of Maryland that operates out of a principal office located in Damascus, Montgomery County, Maryland.

3.      Medpacific operates a Latin-themed restaurant and grill that does business as "Papi's Peruvian Chicken and Grill" in Damascus, Maryland.

4.      Harrison is an adult resident of Montgomery County, Maryland.

5.      Reyes is an adult resident of Montgomery County, Maryland.

6.      The events and omissions giving rise to this action occurred in Maryland.

7.      During the period relevant to this action, Defendants employed Plaintiff as a general laborer, cook, food preparer, and cleaner.

8.      At all relevant times, Medpacific, Harrison and Reyes were Plaintiff's "employers" for the purposes of the FLSA, the MWHL, and the MWPCL.  Throughout Plaintiff's employment, Harrison and Reyes jointly and severally had the power to:

      a.   Hire, fire, suspend, and otherwise discipline Plaintiff.  Indeed, they hired Plaintiff on about March 11, 2019 and then fired her on about July 27, 2021;

      b.   Supervise Plaintiff's work duties to ensure her work was of sufficient quality;

      c.   Set and control Plaintiff's work schedule; and

      d.   Set and determine Plaintiff's rate and method of pay.

9.      Harrison and Reyes continuously owned and operated Medpacific for the duration of Plaintiff's employment with Defendants.  They controlled and were in charge of the day-to-day operations of Medpacific.

10.     At all times during Plaintiff's employment, Defendants' company used cleaning supplies, cooking materials, tools, and equipment related to food service that originated and otherwise traveled outside of the State of Maryland and the United States.  Thus, Defendants were an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA.

11.     Defendants' gross revenue exceeded $500,000.00 each year during Plaintiff's employment.  Therefore, Defendants qualify as an "enterprise" within the meaning of § 3(r) of the FLSA.

12.     At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials related to food preparation and service that were moved in or produced for interstate commerce.  Thus, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce under §§ 206-207 of the FLSA.

13.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1931, 1441(a), and 1446(a).

14.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising out of the Constitution and laws of the United States, *viz.*: the FLSA.

15.     This Court has supplemental jurisdiction over Plaintiff's Maryland state law claims under 28 U.S.C. § 1441(c) and/or the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

## **FACTS**

16.     Defendants employed Plaintiff as a general laborer, cook, and cleaner during the period of about March 11, 2019 through about July 27, 2021.

17.     Initially, Plaintiff's work schedule was from 9:00 a.m. to 9:00 p.m., seven days per week.  Accordingly, Plaintiff worked about 84 hours per week.

18.     Defendants' restaurant closed from about March 6, 2020 through May 30, 2020, due to the coronavirus outbreak.  When Plaintiff returned to work on May 30, 2020, Defendants assigned her a schedule and rate of pay that were different from the pre-pandemic schedule and rate of pay.

19.     From May 30, 2020 until her final day of employment, Plaintiff worked from 8:00 a.m. to 8:00 p.m. Tuesday through Saturday, for an average of about 60 hours per week.

20.     Throughout her employment, Defendants paid Plaintiff a fixed biweekly salary. Her schedule and rate of pay for the two period of her employment are set forth below:

| Time period | Hours per week | Weekly salary | Effective Hourly Rate of Pay |
|---|---|---|---|
| 03-11-2019 to 03-06-2020 | 84 | $700.00 | $8.33 |
| 05-30-2020 to 07-27-2021 | 60 | $800.00 | $13.33 |

21.     At all times, the effective regular hourly rate of pay that Defendants paid Plaintiff fell below the applicable Maryland and/or Montgomery County minimum wages.  Moreover, Defendants did not pay Plaintiff the required overtime premium of one and one-half times the regular rate of pay for hours worked in excess of forty per week.

22.     Plaintiff's final day of work was July 27, 2021.  On that day at around 6:00 p.m., Plaintiff started feeling ill.  She became dizzy and fainted at work.  She was taken by ambulance to the hospital, where she regained consciousness about four hours after fainting.

23.     The next day, on July 28, 2021, Plaintiff woke up still feeling sick.  Plaintiff tried to take a sick day and stay home from work, but Defendants told Plaintiff that if she did not show up to work as scheduled she would be fired, and would not be paid her final paycheck.

4

24.     Plaintiff did not go to work that day because she was feeling so ill, and Defendants fired her as a result.

25.     Plaintiff's work performance had been satisfactory throughout her employment. Defendants terminated her solely because she needed to stay home due to her illness.

26.     Defendants did not pay Plaintiff anything whatsoever for the final two pay periods she worked.

27.     Defendants' failure to pay Plaintiff at least the minimum wage for all hours worked and their failure to pay a premium for overtime hours, as required by the FLSA, the MWHL, the MWPCL, and the Montgomery County Code, was willful and intentional and not the result of any *bona fide* dispute over whether Plaintiff was entitled to the wages.

## CAUSES OF ACTION

### COUNT I
*Plaintiff v. All Defendants*
**Violation of the Maryland Wage and Hour Law**
**(Minimum Wage)**

28.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

29.     Section 3-413 of the MWHL mandates that employers must pay non-exempt employees at a rate at least equal to the Maryland minimum wage for time spent doing work that does not generate tips.

30.     Plaintiff was an "employee" and Defendants were "employers" within the meaning of the MWHL.  As Plaintiff's "employers," Defendants were obligated to pay Plaintiff at least the Maryland minimum wage for all time spent performing work that does not generate tips, as set forth in MWHL § 3-413.

31.     During the time relevant to this case, the federal, Maryland and Montgomery

5

County minimum wages are set forth below:

| Time Period | Federal Minimum Wage | Maryland Minimum Wage | Montgomery County, Maryland Minimum Wage |
|---|---|---|---|
| 03-11-2019 to 06-30-2019 | $7.25/hr. | $10.10/hr. | $12.00/hr. |
| 07-01-2019 to 12-31-2019 | $7.25/hr. | $10.10/hr. | $12.50/hr. |
| 01-01-2020 to 06-30-2020 | $7.25/hr. | $11.00/hr. | $12.50/hr. |
| 07-01-2020 to 12-31-2020 | $7.25/hr. | $11.00/hr. | $13.25/hr. |
| 01-01-2021 to 06-30-2021 | $7.25/hr. | $11.75/hr. | $13.25/hr. |
| 07-01-2021 to 07-27-2021 | $7.25/hr. | $11.75/hr. | $14.00/hr. |

32.     Defendants paid Plaintiff a salary with an effective regular rate of either $8.33 or $13.33 per hour.  She also worked considerably more than forty (40) hours per week.

33.     Throughout Plaintiff's employment, Defendants failed and refused to pay Plaintiff at a rate at least equal to the Maryland or Montgomery County minimum wage rates under MWHL § 3-413 and Montgomery County Code, Part II, § 27-68.

34.     Defendants' failure and refusal to pay Plaintiff the proper minimum wage as required by the MWHL and Montgomery County Code were willful and intentional, and were not in good faith.

6

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid minimum wages in such amounts as will be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT II**
*Plaintiff v. All Defendants*
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

35.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

36.     The FLSA mandates that employers must pay non-exempt employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

37.     At all times, Plaintiff was Defendants' "employee" pursuant to § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" pursuant to § 207(a)(2) of the FLSA.

38.     Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at her overtime rate for all overtime hours Plaintiff worked in a workweek.

39.     Plaintiff's primary duties did not consist of work that would render her exempt from overtime pay under the FLSA.

40.     Defendants knew that Plaintiff worked substantially more than forty (40) hours per week during each week of her employment.  Defendants suffered or permitted Plaintiff to work substantially more than forty (40) hours per week during each week of her employment.

41.     Defendants failed and refused to pay Plaintiff at her overtime rate for the overtime hours Plaintiff worked.  Defendants paid Plaintiff on a salary basis and did not compensate her for her overtime hours as required under the FLSA.

42.     Defendants' failure and refusal to pay Plaintiff overtime as required by the FLSA were willful and intentional, and were not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid overtime wages in such amounts as will be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
*Plaintiff v. All Defendants*
**Violation of Maryland Wage and Hour Law**
**(Overtime)**

43.     Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

44.     Plaintiff was an "employee" and Defendants were "employers" within the meaning of the MWHL. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff overtime compensation under § 3-415 and § 3-420 of the MWHL. These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) Plaintiff's  regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

45.     Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at Plaintiff's overtime rate for all the overtime hours Plaintiff worked each week.

46.     Plaintiff's primary duties did not consist of work that would render her exempt from overtime pay under the MWHL.

47.     Defendants knew that Plaintiff worked substantially more than forty (40) hours per week during each week of her employment.  Defendants suffered or permitted Plaintiff to work substantially more than forty (40) hours per week during each week of her employment.

8

48.     As set forth above, Defendants failed and refused to pay Plaintiff at her overtime rate for the overtime hours Plaintiff worked.

49.     Defendants had actual knowledge of all hours Plaintiff worked, including overtime hours.  Nevertheless, Defendants willingly and knowingly paid Plaintiff a salary for all hours worked per week, and did not compensate Plaintiff at the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count III for all unpaid overtime wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT IV**
*Plaintiff v. All Defendants*
**Maryland Wage Payment and Collection Law**
**(Unpaid Wages)**

50.     Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

51.     Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

52.     Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

53.     As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work that Plaintiff performed, including overtime and minimum wages.

54.     Defendants failed to compensate Plaintiff for overtime and minimum wages owed.

55.     Defendants unlawfully and without authorization failed to pay Plaintiff anything whatsoever for the final two pay periods she worked.

56.     Defendants' failure and refusal to pay wages due to Plaintiff, including overtime wages, minimum wages, regular wages, and final wages, were not the result of any *bona fide* dispute over Plaintiff's entitlement to the wages.

WHEREFORE, Defendants are liable to Plaintiff under Count IV for all unpaid wages, including overtime wages, in such amounts as will be proven at trial, plus an additional amount equal to two times the unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

<u>COUNT V</u>
*Plaintiff v. All Defendants*
**Wrongful Termination**

57.     Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

58.     The Maryland Healthy Working Families Act, Md. Code. Ann., Lab & Employ § 3-1301, *et seq.* ("MHWFA") requires all Maryland employers to provide employees with protected leave sick and safe leave.  MHWFA § 3-1304.

59.     The MHWFA forbids employers from taking any "adverse action . . . against an employee because the employee exercises in good faith the rights protected under the [MHWFA]." MHWFA § 3-1309(c)(1).

60.     Furthermore, employers cannot "interfere with, restrain, or deny the exercise by an employee of any right provided for under [the MHWFA]." MHWFA § 3-1309(c)(2).

61.     Accordingly, discharging an employee because that employee exercises or attempts to exercise their rights under the MHWFA contravenes a clear mandate of Maryland public policy.

62.     At all times until her termination from employment, Plaintiff acquitted herself well, was a satisfactory employee, and fully and competently performed all of the duties assigned to her.

63.     As described above, on July 27, 2021, Plaintiff suffered a health episode at work that required hospitalization.  The next day, on July 28, 2021, Plaintiff was still unwell.  She attempted to take the day off from work, and Defendants fired her as a result.  Defendants also refused to pay her the wages that were due as a result.

64.     The sole basis for terminating Plaintiff's employment was Plaintiff's attempt to take a sick day off work.  Defendants did not have any legitimate basis for terminating Plaintiff's employment.

65.     Defendants' wrongful termination of Plaintiff's employment was deliberate, malicious, willful, and intentionally calculated to inflict harm upon Plaintiff.

66.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

67.     Any proffered justification for Plaintiff's termination is pretextual.

WHEREFORE, Defendants are liable to Plaintiff under Count V for wrongfully terminating her, and must (1) compensate Plaintiff for back pay and other lost employment benefits, in an amount to be determined at trial;  (2) reinstate Plaintiff, or in the alternative, pay Plaintiff's lost future wages and employment benefits, in an amount to be determined at trial; (3) compensate Plaintiff for the humiliation, mental anguish, and emotional distress she suffered as a result of Defendants' conduct, in amounts to be determined at trial; (4) compensate Plaintiff for her reasonable attorneys' fees and costs; (5) pay punitive damages in an amount to be determined at trial; and (6) abide by any and all additional relief as the Court may deem just and proper.

11

Respectfully submitted,


_____/s/_____
Roy Lyford-Pike, Esq.
CPF# 1512160070
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
301-587-9373
rlpike@zagfirm.com


_____/s/_____
Roberto N. Allen, Esq.
CPF# 25110
The Law Offices of Roberto Allen, LLC
3915 National Dr., Ste. 320
Burtonsville, Maryland 20866
301-861-0202
rallen@robertoallenlaw.com


*Counsel for Plaintiff*