IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARIA NELY AGUIRRE-AMAYA,** | * | |
| Plaintiff, | * | |
| | | Civ. No. DLB-21-2143 |
| v. | * | |
| | | |
| **MEDPACIFIC FLAVORS, INC. t/a** | * | |
| **PAPI'S PERUVIAN CHICKEN & GRILL,** | | |
| *et al.*, | * | |
| | | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

Maria Nely Aguirre-Amaya brought this action against her former employers Medpacific Flavors, Inc. t/a Papi's Peruvian Chicken & Grill ("Medpacific") and its owners Michael P. Harrison and Nicolas Reyes. She alleges that the defendants failed to pay her minimum wage for all hours worked, in violation of Maryland's Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-413; failed to pay her overtime wages for the hours she worked in excess of 40 hours per week, in violation of the MWHL, Lab. & Empl. § 3-413, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1); failed to pay her unpaid wages, in violation of Maryland's Wage Payment and Collection Law ("MWPCL"), Lab. & Empl. §§ 3-501 – 3-509; and terminated her for taking a sick day, in violation of the Maryland Healthy Working Families Act ("MHWFA"), Lab. & Empl. § 3-1309(c). She voluntarily dismissed her claims against Nicolas Reyes.

Harrison and Medpacific were served with the complaint, but they did not respond to it. On January 12, 2022 and March 20, 2024, the Clerk entered default for want of answer as to Harrison and Medpacific. ECF 10 & 29. On July 5, 2024, Aguirre-Amaya filed a motion for default judgment that included a request for attorneys' fees and costs. Her motion is supported by her

affidavit, and her fee request is support by her attorney's affidavit. ECF 35, 35-1, 35-2. The defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6.

### A.     Default Judgment

Aguirre-Amaya's allegations, which are unopposed and accepted as true, establish the defendants' liability under the statutes identified in the complaint. The pleadings and affidavit show that the defendants are liable for $81,615.74 in unpaid minimum wages and overtime wages; $163,231.48 in statutory liquidated damages pursuant to the MWPCL; $27,560.00 in compensatory damages pursuant to the MHWFA; and $27,560.00 in punitive damages pursuant to the MHWFA.

### B.     Attorneys' Fees

The FLSA provides that a prevailing plaintiff may recover "a reasonable attorney's fee" and costs from a defendant. 29 U.S.C. § 216(b). Likewise, the MWHL imposes "reasonable counsel fees and other costs" on an employer who violates its provisions. Lab. & Empl. § 3-427(d). Aguirre-Amaya is the prevailing party because she obtained a default judgment. She is entitled to reasonable attorneys' fees and costs. She seeks $14,077.50 in fees and $939.10 in costs.

The calculation of an attorney's fee award is a three-step process. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). First, the Court must determine the lodestar amount, which is a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008). In assessing reasonableness, the Court must consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the

attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting *Johnson* factors). "Next, the Court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *McAfee*, 738 F.3d at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)). And "[f]inally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id*. (quoting *Robinson*, 560 F.3d at 244).

### 1. Lodestar Amount

First, the Court must determine whether the number of hours that counsel worked is reasonable. The party seeking fees "must provide 'detailed records' that specify 'the services performed, by whom they were performed, the time expended thereon, and the hourly rate charged,'" which the plaintiffs have done, ECF 35-2. *See Matias Guerra v. Teixeira*, No. TDC-16-0618, 2019 WL 3927323, at *2 (D. Md. Aug. 20, 2019) (quoting *Bel Air Plaza Ltd. P'ship v. Ross Dress for Less, Inc.*, No. CCB-14-2533, 2016 WL 3440191, at *1 (D. Md. June 23, 2016)).

The hours counsel spent on this case are reasonable. Counsel spent 57 hours investigating and researching their client's claims; communicating with their client, who spoke limited English; drafting the complaint and the motion for default judgment; communicating with the process servers to effect service of the complaint; analyzing one defendant's bankruptcy record; reviewing filings and directives from the Court; and preparing status reports and requests to the Court. The complaint includes five counts and alleges violations of both state and federal law. The 19-page motion for default judgment addresses Harrison's status as an employer under federal and state

3

law, Aguirre-Amaya's lost wages and her wrongful termination, her entitlement to treble damages, and her request for attorneys' fees and costs. ECF 35. Counsel provided calculations of the hours Aguirre-Amaya worked, the minimum wage, what Aguirre-Amaya was paid, and what she was owed in minimum and overtime wages, ECF 35, ¶¶ 19–27, 32; *id.* at 9–13; an affidavit from Aguirre-Amaya, ECF 35-1; and an itemized list of the tasks completed by counsel and paralegals and the time dedicated to each task, ECF 35-2, at 3–14. The time spent on these tasks is reasonable. The Court finds that 57 hours are recoverable.

Next, the Court must determine whether counsel's proposed hourly rates are reasonable. Mr. Amster, who has been a practicing attorney since 2009, billed at $425.00 per hour. ECF 35-2, at 2. Mr. Goldberger, who has been a practicing attorney since 2021, typically bills at $300.00 per hour but only seeks compensation at $225.00 per hour. *Id.* Mr. Eiler, who has been a practicing attorney since 2020, typically bills at $350.00 per hour but only seeks compensation at $225.00 per hour. *Id.* Mr. Lyford-Pike, who has been a practicing attorney since 2015, billed at $300.00 per hour. *Id.* They billed their paralegals' work at $150.00 per hour. *Id.* at 4–5, 9, 11–14. Mr. Amster's and Mr. Lyford-Pike's hourly rates and their paralegals' rates are within this Court's Local Rules' Guidelines. Loc. R. App. B ¶ 3(b), (d), (f) (D. Md. July 1, 2023). And, Mr. Goldberger and Mr. Eiler seek compensation at hourly rates within the Guidelines. *Id.* ¶ 3(a). These hourly rates are reasonable.

The requested attorneys' fees of $14,077.50 are reasonable. And, the $939.10 in costs for filing the complaint and service of process are reasonable. The total for attorneys' fees and costs is $15,016.60.

4

### 2. Rate of Success

Finally, the Court must consider the extent of the plaintiff's success and adjust the award to account for unsuccessful claims and the plaintiff's degree of success. *See McAfee*, 738 F.3d at 88. Aguirre-Amaya obtained a default judgment in her favor on every claim. Counsel did not spend any hours working on unsuccessful claims. Because Aguirre-Amaya obtained all the relief she requested, the lodestar amount will not be reduced to reflect the extent of success on her prevailing claims. *See id.*

Accordingly, this 8th day of November, 2024, upon consideration of Aguirre-Amaya's motion for default judgment, it is hereby ORDERED that

1. The plaintiffs have established the defendants Medpacific and Harrison's liability under the FLSA, MWHL, MWPCL, MHWFA;
2. The plaintiff's motion for default judgment, ECF 35, IS GRANTED;
3. The attorneys' fees and costs sought are reasonable;
4. Judgment IS ENTERED against the defendants Medpacific and Harrison, jointly and severally, in the amounts of
    a. $81,615.74 for unpaid minimum wages and overtime wages;
    b. $163,231.48 in statutory liquidated damages pursuant to the MWPCL;
    c. $27,560.00 in compensatory damages pursuant to the MHWFA;
    d. $27,560.00 in punitive damages pursuant to the MHWFA; and
    e. $15,016.60 as an award of an award of attorney's fees and costs; and

5. The Clerk SHALL CLOSE this case.

                                                                                Deborah L. Boardman
                                                                                United States District Judge